**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 05-2647

UNITED STATES OF AMERICA,

Appellee,

v.

AMAN TAFFERE,

Defendant, Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya, and Lipez, Circuit Judges.

---

Robert C. Andrews, on brief for defendant, appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby,
United States Attorney, on brief for appellee.

---

August 21, 2006

---

**Per Curiam**.  Defendant Aman Taffere ("Taffere") appeals from his within-guidelines sentence on the sole ground that the district court erred in failing to consider the 100:1 crack/cocaine ratio as imposing more punishment than necessary.  The disposition of this appeal is governed by this court's decisions in United States v. Pho, 433 F.3d 53 (1st Cir. 2006), and United States v. Navedo-Concepción, 450 F.3d 54 (1st Cir. 2006), both of which post-dated Taffere's sentencing.

Taffere attempts to avoid Pho's holding that a sentencing court may not categorically substitute a 20:1 crack-to-powder cocaine ratio for the 100:1 ratio provided in the guidelines, Pho, 433 F.3d at 64, by conceding that such a categorical substitution, which he sought below, is now precluded but arguing that the court nevertheless should have considered the crack/powder disparity in determining whether the resulting sentence was greater than necessary under 18 U.S.C. § 3553(a).  That argument is unavailing.

Although Pho left open the possibility that "the nature of the contraband and/or the severity of a projected guideline sentence may . . . be taken into account on a case-by-case basis," id. at 65, Taffere points to no case-specific circumstances that would require a lesser sentence here.  The judge explicitly considered the only potentially mitigating circumstances brought to his attention by defense counsel--Taffere's difficult adjustment to life in the United States, to which he had immigrated at a young

age from the Sudan, and his post-conviction efforts at rehabilitation, including obtaining his GED--but nevertheless concluded that a lesser sentence would not fulfill the criteria set forth in section 3553(a), including deterrence and public protection, and that a reduction based on the crack/powder cocaine differential would create rather than avoid sentencing disparity among different judges and districts. In imposing a sentence below the statutory minimum (pursuant to the safety valve) and just one month above the bottom of the applicable guidelines range, the judge expressed his hope that the relatively light sentence would afford Taffere the opportunity for rehabilitation. He also took into account Taffere's strong family ties by recommending that he be imprisoned in Pennsylvania, where his family had relatives with whom they could stay while visiting him. Under <u>Navedo-Concepción</u>, 450 F.3d at 58, the "not greater than necessary" language of 18 U.S.C. § 3553(a) requires no further explanation of why a still lighter sentence would be inadequate.

Accordingly, the sentence is <u>affirmed</u>. <u>See</u> 1st Cir. R. 27(c).